IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION



VANESSA GRIFFIN; MARCUS GRIFFIN;
BROOKLYNN HOWARD; ALSANDRA REID;
ALFONSO REID; ANGELA ONDRISEK;
NICHOLAS  BRODERICK; MATTHEW BRODERICK;
MARISSA BRODERICK; SHAINA BRODERICK;
NATHAN GRIFFIN by and through his next friend
Tonia Griffin; and ALEXIS BRODERICK by and through
 her next friend Sheldon Griffis.                                                 PLAINTIFFS


VS.                                    4:14-CV-_4065_____


TONY ALAMO a/k/a BERNIE L. HOFFMAN;
TONY AND SUSAN ALAMO FOUNDATION;
TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC.; TONY ALAMO
CHRISTIAN MINISTRY; ARMFUL OF HELP; ADVANTAGE
FOOD GROUP; ADVANTAGE SALES, LLC ; ACTION DISTRIBUTORS, INC.;
GLORYLAND CHRISTIAN CHURCH; JUNKIN FOR JOY, INC.;
GREG SEAGO; ANGELA MORALES; RON DECKER;
SANDFORD WHITE; DON WOLF; STEVE LOVELLETTE;
TOMMY SCARCELLO; JOHN DOES I-XX, SHAREHOLDERS,
 OFFICERS, DIRECTORS OR EMPLOYEES OF ABOVE NAMED
 DEFENDANTS, AND ANY OTHER BUSINESS ASSOCIATED
 WITH ABOVE NAMED DEFENDANTS.                           DEFENDANTS

## COMPLAINT

COMES NOW Plaintiffs Vanessa Griffin, Marcus Griffin, Brooklynn Howard, Alsandra Reid, Alfonso Reid, Angela Ondrisek, Nicholas Broderick, Matthew Broderick, Marissa Broderick, Shaina Broderick,  and Nathan Griffin and Alexis Broderick by and through their next friend Tonia Griffin and Sheldon Griffis, respectively, and for their causes of action against Defendants Tony Alamo a/k/a Bernie Hoffman, The Tony and Susan Alamo Foundation, Twenty-First Century Holiness Tabernacle Church, Inc., Tony Alamo Christian Ministries, Action Distributors, Inc., Armful of Help, Advantage Food Group, Advantage Sales, LLC, Gloryland Christian Church, Junkin for Joy, Inc., Greg Seago, Angela Morales, Ron Decker, Sandford White, Don Wolf, Steve Lovellette, Tommy Scarcello, John Does I-XX - Shareholders, Officers, Directors or Employees of the above named Defendants, and any other Business Associated with the above named Defendants,  hereby state and allege:

## PARTIES

1.  Plaintiff Vanessa Griffin is  an individual and citizen of Arkansas.

2.  Plaintiff Marcus Griffin is an individual and citizen of Arkansas.

3. Plaintiff Brooklyn Howard is an individual and citizen of New York.

4.  Plaintiff Alsandra Reid is an individual and citizen of Arkansas.

5.  Plaintiff Alfonso Reid is an individual and citizen of Arkansas.

6.  Plaintiff Angela Ondrisek is an individual and citizen of Arkansas.

7.  Plaintiff Nicholas Broderick is an individual and citizen of Arkansas.

8.  Plaintiff Matthew Broderick is an individual and citizen of Arkansas.

9.  Plaintiff Marissa Broderick is an individual and citizen of Arkansas.

10.  Plaintiff Shaina Broderick is an individual and citizen of Arkansas.

11.  Plaintiff Nathan Griffin is an individual and citizen of Arkansas, and being of

minority age, appears by and through his next friend Tonia Griffin.

12.  Tonia Griffin is a citizen and resident of Arkansas.

13.  Plaintiff Alexis Broderick  is an individual and citizen of Arkansas, and being of

minority age, appears by and through Sheldon Griffis.

14.  Sheldon Griffis is a citizen and resident of Arkansas.

15.  At the times relevant to this cause of action, Plaintiffs were minors residing in the

City of Fouke, County of Miller,  Western District of the State of Arkansas.

16.  Defendant Tony Alamo is an inmate within the custody of the United States Bureau

of Prisons in Tucson, Arizona.

17.   Defendant Tony and Susan Alamo Foundation is a corporation organized in

California, and  licensed to do business in the State of Arkansas

18.   Defendant Twenty First Century Holiness Tabernacle Church., is a corporation

organized in Arkansas, and does business as Arm Full of Help, Armful of Help, and

Gloryland Christian Church.

3

19. Upon information and belief, Defendant Tony Alamo Christian Ministry is an unorganized partnership/joint venture made up of Tony Alamo and members of his church whose primary goal is the enrichment of Alamo and members of TACM through various business ventures, as well as the recruitment of new members to TACM. The business ventures include the Tony and Susan Alamo Foundation and its various subsidiaries, as well as Twenty First Century Holiness Tabernacle Church, Inc., d/b/a Gloryland Christian Chuch, Advantage Food Group, Action Distributors, Junkin for Joy, and others to be determined.

20. Upon information and belief, Defendant Advantage Food Group is a d/b/a of Don Wolf and Steve Lovellette, with its principal place of business in Fort Smith, Arkansas

21. Upon information and belief, Defendant Action Distributors, Inc. is a corporation organized under the laws of the State of New Jersey

22. Upon information and belief, Junkin for Joy, Inc. is a business associated with TACM whose principal place of business is in Texarkana, Texas.

23. Upon information and belief, Greg Seago is an individual residing in Fort Smith, Arkansas.

24. Upon information and belief, Angela Morales is an individual residing in Arkansas, and is an officer of Twenty First Century Holiness Tabernacle Church.

25. Upon information and belief, Ron Decker is an individual residing in Arkansas, and is an officer of Twenty First Century Holiness Tabernacle Church.

4

26.  Upon information and belief, Sandford White is an individual residing in

Arkansas, and is an officer of Twenty First Century Holiness Tabernacle Church.

27.  Upon information and belief, Don Wolf is an individual residing in Arkansas, and

doing business as Advantage Food Group.

28.  Upon information and belief, Steve Lovellette is an individual residing in Florida,

and doing business as Advantage Food Group.

29.  Upon information and belief, Tommy Scarcello is an individual residing in

Arkansas, and is an officer of Action Distributors, Inc.

30.  Defendants John Does I-XX,  are shareholders, officers, directors or employees of

above named defendants, and any other business associated with above named

defendants which utilized or benefitted from the forced labor of Plaintiffs.

## VENUE

31.  The causes of action in this complaint occurred in and around the city of Fouke,

County of Miller, Western District of the State of Arkansas and city of Fort Smith,

County of Sebastian, Western District of the State of Arkansas.

32. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal

question jurisdiction) and 18 U.S.C. § 1595(a) (civil trafficking).

33. This Court has supplemental jurisdiction over causes of action based on

state law pursuant to 28 U.S.C. § 1367(a), as the state law claims arise out of the same

nucleus of facts which support the federal claims.

33. Venue in the Western District of Arkansas is proper under 28 U.S.C. §1391 in that various Defendants and agents of Defendants reside within the Western District, and the events that give rise to this cause of action occurred in the Western District of Arkansas.

## FACTUAL BACKGROUND

34. Tony Alamo Christian Ministries (TACM, hereinafter) is an unorganized partnership/joint venture made up of Tony Alamo and members of his church whose primary goal is the enrichment of Alamo and members of TACM through various business ventures, as well as the recruitment of new members to TACM, who then would be expected to donate to TACM. The business ventures include the Tony and Susan Alamo Foundation and its various subsidiaries, as well as Twenty First Century Holiness Tabernacle Church, Inc., d/b/a Gloryland Christian Chuch, and Action Distributors Inc., Armful of Help, Advantage Food Group, Advantage Sales, LLC, and Junkin' for Joy, Inc.

35. TACM is an unorganized partnership made up of various individuals and businesses whose activities pursue the enrichment of TACM. TACM was started by Tony Alamo, and under whose leadership was founded a communal compound located in Fouke, Arkansas.

36. Membership of TACM is made up of The Tony and Susan Alamo Foundation, which operates multiple businesses as d/b/a's. These include but are not limited to:

6

Alamo Builders Emporium of Alma, Arkansas; Alamo Candy Company;  Alamo Construction; Alamo Electric of Alma, Arkansas; Alamo Expert Roofing of Fort Smith, Arkansas; Alamo Land Development Company of Alma Arkansas;  Alamo Packing of Alma, Arkansas;  Alamo Plumbing of Alma, Arkansas; Alamo Quarries of Alma, Arkansas; Bosco Feed and Farm Equipment; Fort Smith Mobile Nursery; North American Construction Company; and Wholesale Candy are fictitious names of businesses under the corporations Tony and Susan Alamo Foundation.

37.   The corporation Twenty First Century Holiness Tabernacle also has membership in TACM.  21st Century operates multiple businesses as d/b/a's such as  Arm Full of Help, Armful of Help, and Gloryland Christian Church.

38.   Defendants operate together as a joint enterprise (TACM), in an agency capacity as employer/employee.

39.  Plaintiffs were at all relevant times to this action, minor children either born into TACM, or whose parents were recruited and brought the Plaintiffs with them into the TACM.

40.  The Plaintiffs were subjected to the following by the individual defendants: brainwashed, imprisoned, forced to work long hours without pay, routinely beaten, starved as punishment for perceived wrongdoing, and subjected to horrible conditions such that they lived in a perpetual state of agony, fear and duress.

41.  It has taken years of counseling and personal growth for plaintiffs to begin to understand and disengage themselves from the teachings of Tony Alamo and TACM.

42.  Plaintiff Vanessa Griffin was born into the "Alamo cult."  At the hands and direction of the individual defendants,  beginning in approximately  the year 2004, at various times Vanessa Griffin was forced to work in extreme weather conditions from approximately four a.m. to midnight on a routine basis, starved for periods of up to seven days, forced to perform hard labor in kitchens preparing large quantities of food, forced to work in TACM warehouses, mail rooms,  and to babysit younger children, averaging approximately 60 hours of work per week without pay.  Vanessa Griffin was also forced by the individual defendants to hand out flyers to raise money for the TACM.  This activity was called "tracking,"  and involved being out from early in the morning until late in the evening.  Vanessa Griffin was also subject to beatings, at the hands of or at the direction of the individual defendants, as a common and frequent form of punishment for behaviors such as speaking too loudly, or having "attitude." Such beatings were implemented use of a  paddle, belt, brush, or switch, and or with fists.  Vanessa Griffin lived in a constant state of fear of rape or forced marriage by the individual defendants.

43.  Plaintiff Marcus Griffin was born into the "Alamo cult." At the direction of the individual defendants, beginning in approximately 2004, Marcus Griffin was made to "pull watch" which consisted of going to different TACM properties to stand watch to

ensure no outsiders entered the property. Marcus Griffin was also forced by the

individual defendants to do daily yard work, routinely stuff TACM literature, and

perform warehouse work without pay. From as early as Marcus Griffin can remember,

he was brutally beaten by the individual defendants with various implements, but most

often a 2x4 wood plank, for "misbehaving." Misbehaving entailed poor grades, or

questioning or disagreeing with the teachings of TACM. Marcus Griffin was subjected

by the individual defendants to forced fasting, and various other forms of torture and

mental and physical abuse.

44.  Plaintiff Nathan Griffin was born into the "Alamo cult." At the direction of the

individual defendants, beginning in approximately the year 2004, Nathan Griffin was

forced to work long hours in TACM warehouses, in TACM kitchens, at TACM

properties doing yard work. He was at various times beaten with a 2x4 wood plank,

kicked, punched, and slapped by his father Greg Seago, with the knowledge and at the

direction of Tony Alamo. These beating occurred on numerous occasions. Nathan

Griffin also suffered beatings by Don Thorne and Doug Christopher(Alamo members),

and was often held down by others during the beatings.

45.  Plaintiff Brooklyn Howard was born into the "Alamo cult." At the direction of the

individual defendants, beginning in approximately the year 2004, Brooklyn Howard

was forced to work in the kitchen in the Alamo compound located in Muldrow,

Oklahoma, the Alamo compound in Fouke, Arkansas, and Alamo compounds in

various other locations. At the direction of Tony Alamo and other members of TACM, Brooklyn Howard was beaten multiple times beginning in 2005. On one occurrence in particular, Brooklyn Howard was dragged by the individual defendants to the back of the warehouse located on 50th St. in Fort Smith, Arkansas, held down by four women, and beaten with a board. On another occurrence, June Walker and Greg Seago, acting under orders from Tony Alamo, beat Brooklyn Howard for listening to what Alamo considered contraband music. Brooklyn Howard was beaten by Greg Seago on multiple occasions. At the direction of the individual defendants, Brooklyn Howard also was forced to fast up to seven days at a time as punishment. Brooklyn Howard lived in a constant state of fear of rape or forced marriage by the individual defendants.

46. Plaintiff Alsandra Reid, at the direction or at the hands of the individual defendants, beginning in approximately the year 2004, was forced to work long hours without pay at various warehouses, beaten multiple times, degraded and insulted, warned that if she tried to escape TACM compound, the local citizens would kill her because she is African American. At the direction or at the hands of the individual defendants, Alsandra Reid was forced to fast up to five days at a time as punishment and forced to break and burn tapes which left a scar on her hand. Alsandra Reid lived in a constant state of fear of rape or forced marriage by the individual defendants.

47. Angela Ondrisek was born into the "Alamo cult." At the direction or at the hands of the individual defendants, beginning in approximately the year 2004, Angela Ondrisek

10

was forced to work long hours without pay beginning at age eight in various Alamo

locations.   At the request of her mother, Angela Ondrisek was beaten by John Kolbeck

in 2004.  Angela Ondrisek was beaten multiple times by various people, including,

Tony Alamo wives' Sharon, Lydia, Michelle.  Angela Ondrisek was always held down

by at least four other "Alamo cult" members while being beaten.  Angela Ondrisek was

forced to fast for up to three days at a time as punishment and only allowed to drink

water.  Angela Ondrisek was slapped by Tony Alamo in 2000 or 2001 and kicked by

Tony Alamo in 2007.  Angela Ondrisek was forced to watch her brother Spencer

Ondrisek be beaten by John Kolbeck.  Angela Ondrisek  lived in a constant state of fear

of rape or forced marriage by the individual defendants.

48.  Nicholas Broderick was born into the "Alamo cult."  At the direction or at the hands

of the individual defendants,  Nicholas Broderick was forced to work in Alamo

warehouses and for Right Way Roofing beginning at or about age six until he left the

Alamo compound in May 2008.  Beginning at the age of ten, Nicholas Broderick was

forced by the individual defendants to begin landscaping and stuffing tracks for Tony

Alamo's properties.  Nicholas Broderick was forced by the individual defendants to

work forty or more hours per week; working every day of the week, including

weekends.  Nicholas Broderick was forced by the individual defendants to walk the

Alamo properties at night during 2002-2003.  Nicholas Broderick was beaten by John

Kolbeck in 2003 and/or 2004.  Nicholas Broderick was forced by the individual

defendants to fast up to five days at a time for punishment.  Nicholas Broderick was physically threatened and mentally degraded on a routine basis by the individual defendants.  Nicholas Broderick was forced to watch as Spencer Ondrisek, Angela Ondrisek, and Seth Calagna were beaten at the hands of the individual defendants.

49.  Matthew Broderick was born into the "Alamo cult."  Matthew Broderick was forced by the individual defendants to work sixty hours a week in addition to school; including standing watch at the Alamo compounds daily.  Matthew Broderick was forced by the individual defendants to work and miss school for up to two months at a time.  Matthew Broderick was routinely degraded, intimidated, choked and/or beaten by Tony Alamo and John Kolbeck.

50.  Marissa Broderick was born into the "Alamo cult."  Marissa Broderick was forced by Tony Alamo to quit school in the 6th grade and to work full time in Alamo's office in 2006 until Marissa Broderick ran away in April of 2008. Marissa Broderick was forced to hold Shaina Broderick while she was beaten by Michelle LNU (wife of Tony Alamo) in 2006.  Marissa Broderick was pushed and slapped by Tony Alamo in 2006 and/or 2007.  Marissa Broderick was beaten with a board by John Kolbeck in 2004 in Moffett, Oklahoma, and in 2006 in Fouke, Arkansas, at the Alamo compounds.  Marissa Broderick lived in a constant state of fear of rape or forced marriage by the individual defendants.

51.     Shaina Broderick was born into the "Alamo cult." At the hands or direction of

the individual defendants, Shaina Broderick was forced to work in the Alamo 4th Street

warehouse in Moffett, Oklahoma. Shaina Broderick was forced to work by Tony

Alamo's at his house in 2006-2007. At the age of nine, Shaina Broderick was forced to

work by the individual defendants on a tracking crew in Arizona; she was forced to

work without a break and with little food. Shaina Broderick was forced by the

individual defendants to prepare newsletters for mailing in the recreation room of Tony

Alamo's house. At the direction of the individual defendants, Shaina Broderick was

beaten by one of Tony Alamo's wives at age eleven, and beaten by Tony Alamo on

multiple occasions. At the direction and hands of the individual defendants, Shaina

Broderick was routinely degraded, and forced to fast up to two days at a time on

various occasions in 2006-2007. Shaina Broderick lived in a constant state of fear of rape

or forced marriage by the individual defendants.

52.  Alexis Broderick was born into the "Alamo cult." At the direction and hands of the

individual defendants, Alexis Broderick began working in the Alamo warehouse when

she was five years old; she worked five to eight hours per day, until the age of nine.

Alexis Broderick moved into Tony Alamo's house in 2006, and was forced by the

individual defendants to work every day beginning at six a.m.. Alexis Broderick was

forced to watch other "Alamo cult" children get beaten, and was beaten in 2007 by the

individual defendants.  Alexis Broderick lived in a state of fear that she would be beaten or raped at any time, or forced to become one of Alamo's "wives."

53.  Alfonso Reid was born into the "Alamo cult."  Alfonso Reid was forced by the individual defendants to work in the Alamo kitchen for ten or more hours per day from age twelve to age sixteen;  he was removed during the law enforcement raid of the Alamo compound in 2008.  Alfonso Reid was beaten by Tony Alamo multiple times, and by others on multiple occasions at the hand and/or direction of the individual defendants; Reid was also forced to watch other "Alamo children" be beaten.   At the hand and direction of the individual defendants, Alfonso Reid was separated from his sisters, and allowed absolutely no contact with his mother.

## CAUSES OF ACTION AS TO ALL DEFENDANTS

## FEDERAL CLAIMS

## TRAFFICKING VICTIMS PROTECTION ACT  (TVPA)  18 USC § 1581-§1595

54.  The plaintiffs were all forced by the individual defendants to labor without compensation within the various businesses, including but not limited to warehouses, roofing jobs, landscaping,  or in the distribution of products, and also for  TACM, cooking for the TACM, raising money through "tracking," soliciting donations et al. This forced labor benefitted defendants jointly.

55. Plaintiff's labor was obtained by the individual defendants by threats of serious harm, actual serious harm, physical restraint and psychological duress and coercion.

56. Tony Alamo and others acting at his behest personally enforced peonage on the Plaintiffs via the patterns of abuse described herein, and that all remaining defendants either knew or were in reckless disregard of the forced labor, that all defendants benefitted and enjoyed the profits from the forced labor of the plaintiffs, and that no defendants at any time took steps to stop said peonage.

## DOCUMENTARY SERVITUDE : 18 USC §1592

57. That in furtherance of violating 18 USC §1581, defendant Alamo and several under his direction prevented plaintiffs from acquiring birth certificates, social security numbers and other government issued identification.

58. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, through the exercise of reasonable care, should have known that their acts and omissions as set forth herein would subject Plaintiffs to an unreasonable risk of harm.

59. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry's acts and omissions as set forth herein, proximately caused and/or contributed to the cause of Plaintiffs' injuries resulting in damages to Plaintiffs.

## STATE CLAIMS

## CAUSES OF ACTION AGAINST TONY ALAMO

### A. BATTERY

60.     Tony Alamo, Greg Seago, and John Kolbeck, and those acting under their direction wrongfully and intentionally committed violence upon the Plaintiffs with the intent to injure them.  These acts of violence were unjustified in law and constitute actionable battery.  Tony Alamo, John Kolbeck and Greg Seago's conduct was a proximate cause of injuries and damages to Plaintiffs.

### B. FALSE IMPRISONMENT

61.  As part of the forced labor abuse, Tony Alamo falsely imprisoned Plaintiffs by forcibly subjecting Plaintiffs to beatings and by unlawfully restricting Plaintiffs liberty.  Alamo did so by detaining, beating, and Plaintiffs within the confines of the TACM properties without sufficient legal authority to do so.  Alamo falsely imprisoned Plaintiffs through threat of physical violence.  Plaintiffs suffered damages as a result of being falsely imprisoned.

### C. OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.  The conduct of Tony Alamo, Greg Seago and John Kolbeck – including but not limited to forced labor, physical beatings, verbal abuse,  and other acts – was committed with either the intent to inflict emotional distress on Plaintiffs or under circumstances where Tony Alamo, Greg Seago and John Kolbeck knew or should have known that emotional distress would likely result from their conduct.  Tony Alamo, Greg Seago

and John Kolbeck's conduct in this regard was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community. The conduct of Tony Alamo, Greg Seago and John Kolbeck did in fact cause emotional distress to Plaintiffs to a degree so severe that no reasonable person could be expected to endure.

## CAUSE OF ACTION AS TO ALL OTHER DEFENDANTS

### 1. NEGLIGENT HIRING, RETENTION, SUPERVISION AND RETENTION

63. As employers, Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry and any and all subsidiaries owed a duty to Plaintiffs as employees, as children, and members of a vulnerable group to use ordinary care to hire, supervise, train, and retain competent supervisory staff. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry and any and all subsidiaries owed a duty to Plaintiffs to exercise ordinary care in selecting, training, and retaining competent employees because these employees frequently interacted with Plaintiffs and Tony Alamo and were in a position to check the power Tony Alamo wielded. Defendants knew or, through the exercise of ordinary care, should have known, that their employee's conduct would subject third parties to an unreasonable risk of harm

64. Specifically, Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry and/or its subsidiaries

breached its duties to Plaintiffs to use ordinary care to adequately supervise, train, and or retain its employees by among other things:

      a.     Failing to have proper policies, procedures and protocols in place to ensure that employees of the various defendant businesses were trained to report any illegal activity by management, supervisory staff, or other employee.

      b.     Failing to require that management, supervisory staff, or other employees of the various defendant businesses  monitor and report to proper authorities the forced labor of Plaintiffs.

      c.     failing to have proper policies and protocols in place, failing to train management, supervisory staff and other employees to prevent the creation of an environment in which plaintiffs could be subjected to the done by Alamo and various others.

65.  This failure of defendants was the proximate cause of injury and damage to Plaintiffs, and Plaintiffs suffered as a direct result.

66.  Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry (and any and all subsidiaries) operated a school.  Plaintiffs were at times students at this school.  The school was part of TACM. The school was run under the name of Gloryland Christian Church, a registered d/b/a of TFC.  TACM, Gloryland Christian Church, TFC owed a duty to Plaintiffs as students

of to use ordinary care to hire, supervise, train, and retain competent teachers and staff. TACM, Gloryland Christian Church, TFC owed a duty to Plaintiffs to exercise ordinary care in selecting, training, and retaining competent teachers because these teachers frequently interacted with Plaintiffs and Tony Alamo, and were in a position to check the power Tony Alamo wielded.

67.    Specifically, the school (TACM, Gloryland Christian Church, TFC) breached its duty to Plaintiffs to use ordinary care to adequately supervise, train, and/or retain their teachers by among other things:

    a.    permitting the teachers to instruct at a location where Tony Alamo was living. At the time, Tony Alamo was a convicted felon, preaching and engaging in polygamy with underage girls;

    b.    hiring teachers accredited by the American Association of Non-Denominational Schools when a reasonable person would have known that this was worthless;

    c.    permitting Tony Alamo to serve as the principal of the school;

    e.    utilizing teachers that endorsed underage marriages;

    f.    utilizing teachers that endorsed polygamy.

68. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries also owed a duty to use ordinary care in exercising  control over Tony Alamo as their pastor and

leader. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries breached their duties by failing to exercise reasonable control over Tony Alamo as it concerns properly enforcing reasonable boundaries for acceptable behavior, monitoring his interaction with the Plaintiffs and other underage church members, and removing him from a position of power when they knew or should have known he presented a grave risk of harm to plaintiffs.

69. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries knew, or through the exercise of reasonable care, should have known, that its acts and omissions as set forth herein would subject Plaintiffs to an unreasonable risk of harm.

70. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry's, and any and all subsidiaries acts and omissions as set forth herein, proximately caused and/or contributed to the cause of Plaintiffs' injuries resulting in damages to Plaintiffs, as set forth herein.

71. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry and all other named defendants' acts and omissions as set forth herein, proximately caused and/or contributed to the cause of Plaintiffs' injuries resulting in damages to Plaintiffs.

72. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries knew, or through the exercise of reasonable care, should have known, that its acts and omissions as owners and/or operators of property as set forth herein would subject Plaintiffs to an unreasonable risk of harm.

### E. JOINT VENTURE/ENTERPRISE LIABILITY

73. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries are involved in a joint enterprise called TACM based on (1) an express or implied agreements; (2) to share a common purpose; (3) with a community of pecuniary interest in that common purpose, and (4) an equal right to voice in the direction or control of the enterprise. Because one or more members of TACM committed a tort against Plaintiffs while carrying out their common purpose, vicarious liability may be imposed on each member for that tort.

74. Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries equally participated in the operations of TACM through an express and/or implied agreement to share a common purpose to promote the ministry, and to sustain the ministry through a community of pecuniary interest based upon sharing in the revenues and proceeds generated by the operations. Specifically, Tony and Susan Alamo Foundation,

Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries:

     a.     operate as a commune on approximately 15 acres of land in and around Fouke, Arkansas, over 150 acres in Saugus, California, and several properties in Fort Smith, Arkansas and New Jersey, and refer to themselves as TACM;

     b.     contribute funds to and withdraw funds from a "bookkeeper" account into which revenues are deposited and operating expenses are paid;

     c.     use common employees to maintain the bookkeeper account;

     d.     require all employees to be church members;

     e.     use and share vehicles, employees/church members, buildings, homes, and warehouses;

     f.     solicit, collect, transport, convert, and sell "charitable" donations and contributions;

     g.     title properties in one or more individual church member's name, to be held in trust for Tony Alamo and/or TACM;

     h.     transfer funds freely between themselves;

     i.     maintain central, consolidated files of church members , bank statements, account statements, payroll and employment records;

     j.     pay expenses for auto, health and other insurance, electric, gas, phone, water, insurance, mortgages, and other bills;

k.     pay mortgages on church buildings, church sanctuaries, warehouses; residential and income rental properties; and

l.     access and control church buildings, the church sanctuary, warehouses; residential and income rental properties.

75. As set forth herein, one or more of the members of TACM committed one or more torts against Plaintiffs while acting within the scope of the joint enterprise, including negligence, negligent hiring, supervision, training and retention, all which proximately caused Plaintiffs' injuries. Accordingly, Tony and Susan Alamo Foundation, Twenty First Century Holiness Tabernacle Church, and Tony Alamo Christian Ministry, and any and all subsidiaries, is an agent of the other and is liable for each others' negligent acts.

## PLAINTIFFS' DAMAGES

76. As a direct and proximate result of Defendants' conduct as described above, Plaintiffs have suffered bodily injury, severe mental anguish, including physical manifestations of mental anguish, humiliation, embarrassment, confusion, which has in the past and will in the future interfere with their daily lives, reputation, ability to earn a living, enjoy life and otherwise carry out their day-to-day responsibilities. Plaintiffs claim the following items of specific damages to date:

a.     Reasonable and necessary medical expenses incurred in the past;

b.      Reasonable and necessary medical expenses reasonable likely to be incurred in the future;

c.      Past physical pain and suffering;

d.      Mental anguish and impairment in the past;

e.      Mental anguish and impairment in the future;

f.      Lost wages in the past;

g.      Lost wages in the future;

h.      Reasonable attorney fees;

i.      Costs of suit;

j.      Punitive Damages;

k.      Pre-judgment interest at the highest rate allowed by law; and

l.      Post-judgment interest at the highest rate allowed by law.

Plaintiffs seek damages in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

## PUNITIVE DAMAGES

77. In addition to actual damages, Plaintiffs are entitled to an award of punitive damages from each Defendant in that each Defendant knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in damages and that each Defendant continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

Each Defendant further pursued a course of conduct for the purpose of causing damage to Plaintiffs. Accordingly, Plaintiffs seek awards of punitive damages from the trier of fact for purposes of punishing each Defendant and setting an example for others not to act in similar manner.

## JURY DEMAND

78. Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiffs have and recover judgment over and from Defendants in such amounts as the evidence may show proper at the time of trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled. Plaintiffs specifically pray for exemplary damages against Defendants as allowed by applicable law and as established by the evidence presented at trial. Plaintiffs pray for punitive damages.

Respectfully submitted,

By: _____

Jonathan T. Lane, ABA 98172
The Lane Firm
610 East 6th Street
Little Rock, AR 72202

501.372.6407 voice
501.372.6401 facsimile
lane@thelanefirm.com

By: _____

Charles D. Hancock
Hancock Law Firm
610 East 6th Street
Little Rock, AR 72202
501.372.6400 voice
501.372.6401 facsimile
hancock@hancocklawfirm.com
*ATTORNEYS FOR PLAINTIFFS*