IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN, ET AL.                                                                PLAINTIFFS

V.                                            4:14-cv-4065

TONY ALAMO a/k/a BERNIE L. HOFFMAN, ET AL.                        DEFENDANTS

**AGREED PROTECTIVE ORDER – MEDICAL RECORDS, TAX RECORDS, PERSONNEL RECORDS, SOCIAL SECURITY RECORDS**

Before the Court is Plaintiffs' unopposed Motion for Protective Order (ECF No. 70) concerning discovery submitted in this litigation regarding Plaintiffs' medical records, personnel records, tax records, and social security records. Upon consideration, the Court finds that the motion should be and hereby is **GRANTED**.  The Court finds as follows:

1. Pursuant to the Court's authority under Fed. R. Civ. P. 26(c), a protective order should be issued with regard to the production by the Plaintiffs' of medical records, personnel records, tax records, and social security records in connection with this litigation. Plaintiffs contend that the documentation contains sensitive, personal information which should be protected.

2. "Documents" means those files and documents, provided by Plaintiffs in response to discovery or other requests of Defendants that pertain to the Plaintiffs' medical records, personnel records, tax records, and social security records.

3. Plaintiffs' medical records, personnel records, tax records, and social security records produced during the discovery and litigation of this matter by Plaintiffs shall be used for purposes of this litigation only. Furthermore, they shall not be disclosed by Defendants, counsel or representatives, or witnesses to any person other than counsel for the parties and their

employees and agents actively engaged in the conduct of this litigation, any witnesses in this case that will be deposed or testify at trial, and any experts retained for the purpose of assisting counsel in trial preparation, all of whom shall be advised of this Order prior to disclosure. The provisions of this Order shall not terminate at the conclusion of this action.

      4.    Within 120 days after final conclusion of all aspects of this litigation and upon written request from the Plaintiffs, all personnel documents shall be returned to Defendants and a certificate made by Defendants' counsel of compliance herewith and delivered to Plaintiffs' counsel.

      5.    Any pleading or exhibit filed with the Court containing the documents referenced herein, will be filed under seal as to that portion of the pleading and/or exhibit.

      6.    This Order does not constitute a finding that the confidential information is relevant or otherwise admissible at trial. This Order does not constitute a finding that Plaintiffs have waived any objections to the authenticity, confidentiality, relevance or other objections to admissibility of the files at trial; nor does it constitute a finding that Plaintiffs waived any objections to the production of the same or similar information which may be sought in other litigation or proceedings.

      IT IS SO ORDERED, this 8th day of April, 2015.

                                           /s/ Susan O. Hickey
                                          Susan O. Hickey
                                          United States District Judge