US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
DEC 3 0 2015
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN; MARCUS GRIFFIN;
BROOKLYNN HOWARD; ALSANDRIA REID;
ALPHONSO REID; ANGELA ONDRISEK;
NICHOLAS  BRODERICK; MATTHEW BRODERICK;
MARISSA BRODERICK; SHAINA BRODERICK;
NATHAN GRIFFIN by and through his next friend
Tonia Griffin; and ALEXIS BRODERICK by and through
her next friend Sheldon Griffis.                                    PLAINTIFFS

VS.                              4:14-CV-04065 SOH

TONY ALAMO a/k/a BERNIE L. HOFFMAN;
TONY AND SUSAN ALAMO FOUNDATION;
TWENTY FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC.; ARMFUL OF HELP; ADVANTAGE
FOOD GROUP; ADVANTAGE SALES, LLC ; ACTION DISTRIBUTORS, INC.;
GLORYLAND CHRISTIAN CHURCH; GREG SEAGO; ANGELA MORALES;
RON DECKER; SANDFORD WHITE; DONN WOLF; STEVE LOVELLETTE;
TOMMY SCARCELLO; JEANNE ESTATES APARTMENTS, INC.; RITE WAY
ROOFING, INC., STEVEN JOHNSON, SALLY DEMOULIN, THE ESTATE OF JOHN
KOLBECK OR OTHER DESIGNEE, JOHN DOES I-X, SHAREHOLDERS,  OFFICERS,
DIRECTORS OR EMPLOYEES OF ABOVE NAMED DEFENDANTS, AND ANY
OTHER BUSINESS ASSOCIATED WITH ABOVE
NAMED DEFENDANTS.                                    DEFENDANTS

1

# THIRD AMENDED COMPLAINT

COMES NOW Plaintiffs Vanessa Griffin, Marcus Griffin, Brooklynn Howard, Alsandria Reid, Alphonso Reid, Angela Ondrisek, Nicholas Broderick, Matthew Broderick, Marissa Broderick, Shaina Broderick, Nathan Griffin and Alexis Broderick by and through their next friend Tonia Griffin and Sheldon Griffis, respectively, and for their causes of action against Defendants Tony Alamo a/k/a Bernie Hoffman, The Tony and Susan Alamo Foundation (TAF), Twenty-First Century Holiness Tabernacle Church, Inc., (TFC) Tony Alamo Christian Ministries (TACM), Action Distributors, Inc. (ADI), Armful of Help (AOH), Advantage Food Group (AFG), Advantage Sales, LLC (AS), Gloryland Christian Church (GCC), Greg Seago, Angela Morales, Ron Decker, Sandford White, Donn Wolf, Steve Lovellette, Tommy Scarcello, Jeanne Estates Apartments, Inc. (JEA), Sally Demoulin,  Steven Johnson, The Estate of John Kolbeck, John Does I-XI - Shareholders, Officers, Directors or Employees of the above named Defendants, and any other Business Associated with the above named Defendants, hereby state and allege:

## PARTIES

1.  Plaintiff Vanessa Griffin is  an individual and citizen of Arkansas.

2.  Plaintiff Marcus Griffin is an individual and citizen of Arkansas.

3. Plaintiff Brooklyn Howard is an individual and citizen of New York.

4. Plaintiff Alsandria Reid-Martinez is an individual and citizen of Texas.

5. Plaintiff Alphonso Reid is an individual and citizen of Arkansas.

6. Plaintiff Angela Ondrisek is an individual and citizen of Arkansas.

7. Plaintiff Nicholas Broderick is an individual and citizen of Arkansas.

8. Plaintiff Matthew Broderick is an individual and citizen of Arkansas.

9. Plaintiff Marissa Broderick is an individual and citizen of Arkansas.

10. Plaintiff Shaina Broderick is an individual and citizen of Arkansas.

11. Plaintiff Nathan Griffin is an individual and resident of New York, and being of minority age, appears by and through his next friend Tonia Griffin.

12. Tonia Griffin is a citizen and resident of Arkansas.

13. Plaintiff Alexis Broderick is an individual and citizen of Arkansas, and being of minority age, appears by and through Sheldon Griffis.

14. Sheldon Griffis is a citizen and resident of Arkansas.

15. At the times relevant to this cause of action, Plaintiffs were minors residing in and around numerous cities in Arkansas, Oklahoma, and elsewhere; the majority of the allegations herein occurred in the Western District of the State of Arkansas.

16. Defendant Tony Alamo is an inmate within the custody of the United States Bureau of Prisons in Butner, North Carolina. Tony Alamo was at times relevant to the complaints herein the founder and leader of the Tony Alamo Christian Ministries.

3

17.   Defendant Tony and Susan Alamo Foundation is a corporation organized in California, and licensed to do business in the State of Arkansas

18.   Defendant Twenty First Century Holiness Tabernacle Church., is a corporation organized in Arkansas, and does business as Arm Full of Help, Armful of Help, and Gloryland Christian Church; with its principle place of business in Dyer, Arkansas.

19.   Upon information and belief, Defendant Advantage Food Group is a d/b/a of Donn Wolf, Ron Decker, Steve Lovellette, Sally Demoulin, and Douglas Brubach and others who worked and benefited from AFG; with its principal place of business at 1619 Grand Ave. in Fort Smith, Arkansas 72901.   AFG has appeared in this action by and through counsel at the Mitchell Williams Law Firm.

20.   Upon information and belief,  Defendant, Action Distributors, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at P.O. Box 1026, Newark, NJ 07101; with operations in Bayonne and Middlesex, NJ as well as doing business in and around Fort Smith, AR.  Defendants Steven Johnson, Thomas Scarcello, Sandford White, Ron Decker were officers and/or benefited from the proceeds of ADI, e.g..  ADI has appeared in the action by and through counsel at the Huckabay Law Firm.

21.   Upon information and belief, Greg Seago is an individual residing in or around Fort Smith, Arkansas; Seago had some form of ownership or financial interest in AFG in 1997.

22.   Upon information and belief, Angela Morales is an individual residing in either New Jersey or Arkansas.  Angela Morales was an employee of ADI from July 1, 2001, through December 28, 2014. Angela Morales has appeared in this action by and through counsel at the Huckabay Law Firm.

23.   Upon information and belief, Ron Decker is an individual residing in Fort Smith, Arkansas, and at times relevant herein was an officer and/or owner of Jeanne Estates Apartments, Inc., Action Distributors, Inc., and Advantage Food Group.

24.   Upon information and belief, Sandford White is an individual residing in California, and at times relevant herein was an officer, owner and/or employee of ADI. Sandford White has appeared in this action through counsel Scott Clevenger and Watts, Donovan & Tilley.

25.   Upon information and belief, Donn Wolf is an individual residing in or around Decatur, GA, and was at times relevant herein was an owner, officer, and/or employee of Advantage Food Group and JEA.   Donn Wolf has appeared in this action by and through counsel at the Mitchell Williams Law Firm.

26.   Upon information and belief, Steve Lovellette is an individual residing in , and is a member of Advantage Food Group.  Steve Lovellette has appeared in this action.

27.   Upon information and belief, Tommy Scarcello is an individual residing in Arkansas, and was at times relevant herein an officer, owner and/or and employee of

Action Distributors, Inc.. Tommy Scarcello has appeared in this action by and though counsel at the Huckabay Law Firm.

28.   Upon information and belief, and at time relevant to the Complaint, Jeanne Estates Apartments, Inc., is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business in Fort Smith, Arkansas; Ron Decker and Donn Wolf were officers, owners and/or employees of JEA.  The address listed for service is 5201 Spradling Avenue, Fort Smith, Arkansas 72901.  JEA has appeared in this action by and through counsel at the Mitchell Williams Law Firm.

29.   Sally Demoulin is an individual upon information and belief resides at 100 Circle Dr., Fouke, Arkansas 71837 and is associated with AFG and ADI, and at times relevant herein an employee of JEA (1995-2002).  Sally Demoulin has been served by Warning Order, but has failed to answer.

30.   Steven Johnson is an individual upon information and belief resides at 7680 63rd St. NW, Maple Lake, MN 55358.  At times relevant in the complaint Steven Johnson was an owner, office and/or employee of JEA, AFG, and Rite Way Roofing.  Steven Johnson has appeared and is represented by and through counsel David Crisp, Dennis Chambers and Brian Wood.

31.  Rite Way Roofing at times relevant to the allegations herein was a for profit corporation incorporated in the State of Arkansas.  The registered agent is Steven Johnson and service can be perfected at 7680 63rd St. NW, Maple Lake, MN 55358.

6

Rite Way Roofing has appeared herein and is represented by and through counsel at the Huckabay Law Firm.

32.  Upon information and belief, The Estate of John Kolbeck, is an estate set up after the death of John Kolbeck in January 2011, and was previously designated a special administrator, Charles Walker, to receive notice of a pending lawsuit.

33.  Defendants John Does I-X,  are shareholders, officers, directors or employees of above named defendants, and any other business associated with above named defendants which utilized or benefitted from the forced labor of Plaintiffs.

## VENUE

34.  The causes of action in this complaint occurred, in part, around the city of Fouke, County of Miller, Western District of the State of Arkansas, and city of Fort Smith, County of Sebastian, Western District of the State of Arkansas.  There are various other places around the states of Arkansas and Oklahoma where some of the allegations occurred.  Some of the allegations reach the other states contained in the contiguous United States.

34. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 18 U.S.C. § 1595.

35. This Court has supplemental jurisdiction over causes of action based on state law pursuant to 28 U.S.C. § 1367(a), as the state law claims arise out of the same nucleus of facts which support the federal claims.

35. Venue in the Western District of Arkansas is proper under 28 U.S.C. §1391 in that various Defendants and agents of Defendants reside within the Western District, and the events that give rise to this cause of action occurred in the Western District of Arkansas.

## FACTUAL BACKGROUND

36. Tony Alamo Christian Ministries (TACM, hereinafter) is an cult made up of Tony Alamo and certain members of his church, namely the defendants herein, whose primary goal is their own enrichment through various business ventures, as well as the recruitment of new members to TACM.

37. Some of the businesses include the Tony and Susan Alamo Foundation and its various subsidiaries, as well as Twenty First Century Holiness Tabernacle Church, Inc., d/b/a  Gloryland Christian Chuch, Action Distributors Inc., Armful of Help, Advantage Food Group, Advantage Sales, LLC, Jeanne Estates Apartments, Inc., Rite Way Roofing, Inc.., and Junkin' for Joy, Inc.

38.  TACM was started by Tony Alamo, and under whose leadership was founded a cult compound located in Fouke, Arkansas, and other various places around the state of Arkansas and across the United States.

39.  Plaintiffs were at all relevant times to this action, minor children born into the cult.

40.  The Plaintiffs, at all times relevant in the complaint, were all children that were utilized, forced and directed by Tony Alamo to perform labor without compensation by means of force, threats of force, physical restraint, and/or threats of physical restraint.

41.  The Plaintiffs, at all times relevant in the complaint, were all children that were brainwashed to adhere to the tenets of the Alamo cult.

42.  The Plaintiffs, at all times relevant in the complaint, were all children that were falsely imprisoned to perform work, and to receive beatings and other punishment.

43.  The Plaintiffs, at all times relevant in the complaint, were all children that were either beaten, made to "fast", and/or subjected to horrible conditions while subjected to the Alamo cult tenants, and; as such they lived in a perpetual state of agony, fear and duress.

44.  It has taken years of counseling, coping and/or personal growth for Plaintiffs to begin to understand and disengage themselves from the teachings and actions of the Alamo Cult.

45.  Plaintiff Vanessa Griffin was born into the "Alamo cult."  Beginning in approximately 2004, at various times Vanessa Griffin was forced to work without compensation in kitchens preparing large quantities of food, forced to work in warehouses (including for AFG and ADI), mail rooms, apartment complexes (JEA). Vanessa Griffin was also forced to travel around the United States passing out church literature.

46.  As a victim of the Alamo cult, Vanessa Griffin was subject to beatings.  Such

beatings were implemented by use of a  paddle, belt, brush, or switch, and or with fists.

Vanessa Griffin lived in a constant state of fear of punishment if she did not comply

with the tenets of the Alamo cult.

47.  Plaintiff Marcus Griffin was born into the "Alamo cult". Beginning in approximately

2004, Marcus Griffin was made to "pull watch" which consisted of going to different

TACM properties to stand watch to ensure no outsiders entered the property.

48.  Marcus Griffin was forced to do daily yard work, stand guard at the apartment

complex (JEA), and perform warehouse work without pay (at ADI and AFG).

49.  Marcus Griffin was forced to perform job duties with Rite Way Roofing, Inc.

without compensation.

50.  Marcus Griffin was beaten by John Kolbeck and Greg Seago and was under the

constant threat of being beaten or suffering other punishment if he did not comply with

the tenets of the Alamo cult.

51.   Plaintiff Nathan Griffin was born into the "Alamo cult".  Beginning in

approximately 2004, Nathan Griffin was forced to work long hours in the ADI and AFG

warehouses; all without compensation and under the threat of force and harm.

52.  Nathan Griffin was also forced to work in Alamo kitchens, at Alamo properties

doing yard work, and made to stand guard at JEA; all without compensation and by

means of force, threats of force, physical restraint, and/or threats of physical restraint.

53. Nathan Griffin was forced to perform job duties with Rite Way Roofing, Inc. without compensation; all without compensation and by means of force, threats of force, physical restraint, and/or threats of physical restraint..

54. Nathan Griffin suffered beatings from Greg Seago, Don Thorne, and Doug Christopher, and was often held down by others during the beatings.

55. Brooklyn Howard was born into the "Alamo cult".   Beginning in approximately 1997, Brooklyn Howard was forced to work in the kitchen in the Alamo compound located in Muldrow, Oklahoma, the Alamo compound in Fouke, Arkansas, and Alamo compounds in various other locations.

56. Brooklyn Howard was forced to work at JEA; all without compensation and by means of force, threats of force, physical restraint, and/or threats of physical restraint..

57. While in the "Alamo Cult" Brooklyn Howard was beaten multiple times beginning in 2005.   On one occasion in particular, Brooklyn Howard was dragged by the to the back of the warehouse located on 50th St. in Fort Smith, Arkansas, held down by four women, and beaten with a board.   On another occasion, June Walker and Greg Seago, beat Brooklyn Howard for listening to what was considered contraband music. Brooklyn Howard was beaten by Greg Seago on multiple occasions.   Brooklyn Howard also was forced to fast up to seven days at a time as punishment.   Brooklyn Howard lived in a constant state of fear of punishment if she did not comply with the tenets of the Alamo cult.

58.  Plaintiff Alsandria Reid, beginning in approximately 2000, was forced to work long hours without pay at various warehouses (AFG and ADI), and forced to work at JEA, beaten multiple times, degraded and insulted, warned that if she tried to escape the TACM compound the local citizens would kill her because she is African American.

59.  Alsandria Reid was forced to fast up to five days at a time as punishment and forced to break and burn tapes which left a scar on her hand.  Alsandria Reid lived in a constant state of fear of punishment if she did not comply with the tenets of the Alamo cult.

60.  Angela Ondrisek was born into the "Alamo cult".  Beginning in approximately 1998, Angela Ondrisek was forced to work long hours without pay beginning at age eight in at various locations,  including JEA.

61. Angela Ondrisek was beaten by John Kolbeck in 2004.  Angela Ondrisek was beaten multiple times by various people, including, Tony Alamo wives' Sharon, Lydia, and Michelle.  Angela Ondrisek was always held down by at least four other people while being beaten.  Angela Ondrisek was forced to fast for up to three days at a time as punishment and only allowed to drink water.  Angela Ondrisek was slapped by Tony Alamo in 2000 or 2001 and kicked by Tony Alamo in 2007.

62. Angela Ondrisek was forced to watch her brother Spencer Ondrisek suffer a beating at the hands of John Kolbeck.  Angela Ondrisek lived in a constant state of fear of punishment if she did not comply with the tenets of the Alamo cult.

63.  Nicholas Broderick was born into the "Alamo cult".  Nicholas Broderick was forced to stand watch, work in warehouses (ADI and AFG), at the apartment complex (JEA) and for Rite Way Roofing beginning at or about age six until he left the Alamo compound in May 2008.

64.  Nicholas Broderick was beaten by John Kolbeck in 2003 and/or 2004.  Nicholas Broderick was forced to fast up to five days at a time for punishment.  Nicholas Broderick was physically threatened and mentally degraded on a routine basis.

65.  Nicholas Broderick was forced to watch as Spencer Ondrisek, Angela Ondrisek, and Seth Calagna were beaten at the hands of John Kolbeck.  Nicholas Broderick lived in a constant state of fear of punishment if he did not comply with the tenets of the Alamo cult.

66.  Matthew Broderick was born into the "Alamo cult".  Matthew Broderick was forced work approximately sixty hours a week in addition to attending school; including standing watch at JEA and other places.

67.  Matthew Broderick was forced by to work and miss school for up to two months at a time, and was routinely degraded, intimidated, choked and/or beaten by Tony Alamo and John Kolbeck.

68. Matthew Broderick was forced to work for Rite Way Roofing without compensation. Matthew Broderick lived in a constant state of fear of punishment if he did not comply with the tenets of the Alamo cult.

69. Marissa Broderick was born into the "Alamo cult". Marissa Broderick was forced by Tony Alamo to quit school in the 6th grade and to work full time in Alamo's office, warehouses (ADI and AFG), apartment complex (JEA), and stores.

70. Marissa Broderick was forced to hold her sister, Shaina Broderick, while she was beaten by Michelle LNU (wife of Tony Alamo) in 2006. Marissa Broderick was pushed and slapped by Tony Alamo in 2006 and/or 2007. Marissa Broderick was beaten with a board by John Kolbeck in 2004 in Moffett, Oklahoma, and in 2006 in Fouke, Arkansas, at the Alamo compounds. Marissa Broderick was sexually assaulted by Tony Alamo at his house in Fouke, Arkansas. Marissa Broderick lived in a constant state of fear of punishment if she did not comply with the Alamo tenets.

71. Shaina Broderick was born into the "Alamo cult". Shaina Broderick was forced to work in the Alamo 4th Street warehouse in Moffett, Oklahoma, and forced to work at JEA. Shaina Broderick was forced to work at Alamo's house in Fouke, Arkansas in 2006-2007.

72. At the age of nine, Shaina Broderick was forced to work on a tracking crew in Arizona; she was forced to work without a break and with little food. Shaina Broderick

was forced to prepare newsletters for mailing in the recreation room of Tony Alamo's house.

73. Shaina Broderick was beaten by one of Tony Alamo's wives at age eleven, and beaten by Tony Alamo on multiple occasions. Shaina Broderick was routinely degraded, and forced to fast up to two days at a time on various occasions in 2006-2007. Shaina Broderick lived in a constant state of fear of punishment is she did not comply with the tenets of the Alamo cult.

74. Alexis Broderick was born into the "Alamo cult". Alexis Broderick was forced to work at AFG, ADI and JEA (without compensation) when she was five years old; she worked five to eight hours per day, until the age of nine. Alexis Broderick moved into Tony Alamo's house in 2006, and was forced to work every day beginning at six o'clock in the morning. Alexis Broderick was forced to watch other children get beaten, and was beaten in 2007. Alexis Griffin lived in a constant state of fear of punishment if she did not comply with the tenets of the Alamo cult.

75. Alphonso Reid was born into the "Alamo cult". Alphonso Reid worked in the Alamo kitchen for ten or more hours per day from age twelve to age sixteen. Alphonso Reid worked at JEA and for Rite Way Roofing and other various Alamo warehouses; including ADI and AFG.

76. Alphonso Reid was beaten by Tony Alamo and Al Reid on multiple times; Reid was also forced to watch other "Alamo children" being beaten. Alphonso Reid was

separated from his sisters, and allowed absolutely no contact with his mother.

Alphonso Reid lived in a constant state of fear of punishment if he did not comply with

the tenets of the Alamo cult.

## CAUSES OF ACTION AS TO ALL DEFENDANTS
## FEDERAL CLAIMS  18 USC §1595 (CIVIL REMEDY)

77.  From approximately 1996 through 2008 the plaintiffs, at various times, were forced

to labor without compensation within the various businesses, including but not limited

to, warehouses (ADI and AFG), apartments (JEA), roofing jobs (Rite Way Roofing),

This forced labor was obtained either by force, the threat of force and/or harm, physical

restraint and/or the threat of physical restraint.

78.  From approximately 1996 through 2008 the plaintiffs, at various times, were all

recruited, transported and/or groomed and brainwashed to labor without compensation

for the individual defendants, AFG, ADI, Rite Way Roofing, and JEA e.g..

79.  All the named individual defendants, businesses and corporations, knowingly

benefited financially, received the labor of the Plaintiffs, or otherwise benefited, and

should have known the acts amounted to actionable violations.

## DOCUMENTARY SERVITUDE 18 USC §1595

80.  As members of the Alamo cult plaintiffs' Vanessa Griffin, Angela Ondrisek,

Brooklyn Howard, Matthew Broderick, Marissa Broderick, Alsandria Reid-Martinez,

Alphonso Reid, Nathan Griffin, Marcus Griffin, Shaina Broderick, Alexis Broderick, and

Nicholas Broderick were either prevented from acquiring birth certificates, social security numbers and other government issued identification, or there was a conspiracy to conceal the birth certificates, social security cards and other government issued identification.

81.   The acts of preventing acquisition of, or concealing the Plaintiffs' identifying documents was done so in the course of utilizing the Plaintiffs as forced labor; and the transportation, recruitment, and/or harboring the Plaintiffs for such labor.

82.   All the named individual defendants, businesses and corporations, knowingly benefited financially, received the labor of the Plaintiffs, or otherwise benefited, and should have known the acts amounted to actionable violations.

## STATE CLAIMS

### A. BATTERY

83.      The Plaintiffs suffered harmful and offensive contact at the hands Tony Alamo, Al Reid, Greg Seago and John Kolbeck as described herein.   These acts of violence were unjustified in law and constitute actionable battery.   Tony Alamo, John Kolbeck and Greg Seago's conduct was a proximate cause of injuries and damages to Plaintiffs.

### B. FALSE IMPRISONMENT

84.   As part of the forced labor and batteries described herein, the Plaintiffs liberty and freedom of movement were unlawfully restricted.   The named individual defendants falsely imprisoned the Plaintiffs by detaining, beating, and working Plaintiffs within the

confines of ADI, AFG, Rite Way Roofing, JEA, the Alamo compound in Fouke,

Arkansas - including the House of Scorn (or Green House), and other various properties

controlled by the defendants.  The named defendants herein falsely imprisoned

Plaintiffs through physical restraint, threat of physical restraint and harm, physical

violence, brainwashing and psychological torture.  Plaintiffs suffered damages

proximately caused by the defendants as a result of being falsely imprisoned.

## C. OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85.  The conduct of the named defendants herein amounts to the tort of "Outrage" –

including but not limited to forced labor, physical beatings, verbal abuse,  brainwashing

and other acts described herein.

86.  The acts were committed by the defendants with either the intent to inflict

emotional distress on Plaintiffs or under circumstances that amount to recklessness

disregard that emotional distress would likely result from their conduct.

87.  The conduct engaged in by the defendants against the Plaintiffs was extreme and

outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized

community.

88.  The conduct by the defendants did in fact cause emotional distress to Plaintiffs to a

degree so severe that no reasonable person could be expected to endure.

## D. NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION

## FAILURE TO REPORT

89.  As employers, owners, officers and/or directors, Ron Decker, Donn Wolf, Tommy Scarcello, Steven Johnson, Steve Lovellette, Sandford White, Sally Demoulin of Action Distributors, Inc. (ADI), Advantage Food Group (AFG), Advantage Sales, LLC (AS), Jeanne Estates Apartments, Inc. (JEA), Rite Way Roofing, Inc. and any and all subsidiaries owed a duty to Plaintiffs to use ordinary care to hire, supervise, train, report wrongdoing, and retain competent management and supervisory staff.

90.  As employers, owners, officers and/or directors, Ron Decker, Donn Wolf, Tommy Scarcello, Steven Johnson, Steve Lovellette, Sandford White, Sally Demoulin of Action Distributors, Inc. (ADI), Advantage Food Group (AFG), Advantage Sales, LLC (AS), Jeanne Estates Apartments, Inc. (JEA), Rite Way Roofing, Inc., e.g. and any and all subsidiaries owed a duty to Plaintiffs to exercise ordinary care in selecting, training, supervising, and retaining competent employees and officers.  Defendants should have known that the conduct by the individual and business defendants' conduct herein would subject the Plaintiffs to an unreasonable risk of harm.

91.  Specifically, As employers, owners, officers and/or directors, Ron Decker, Donn Wolf, Tommy Scarcello, Steven Johnson, Steve Lovellette, Sandford White, Sally Demoulin, Greg Seago of Action Distributors, Inc. (ADI), Advantage Food Group (AFG), Advantage Sales, LLC (AS), Jeanne Estates Apartments, Inc. (JEA), Rite Way Roofing, Inc., e.g., and any and all subsidiaries breached their/its duties to Plaintiffs to

use ordinary care to adequately supervise, report, train, and or retain their/its employees, directors, officers and/or owners by among other things:

     a.    Failing to have proper policies, procedures and protocols in place to ensure that employees, directors and/or officers of the various defendant businesses/employers were trained to report any actions or inactions by management, supervisory staff, or other employees; including, but not limited to forced child labor, false imprisonment and beatings.

     b.    Failing to require that management, supervisory staff, other employees or members of the various defendant businesses/employers to monitor and report to proper authorities the forced child labor, false imprisonment, and beatings of Plaintiffs.

     c.    Failing to have proper policies and protocols in place, failing to train management, supervisory staff, directors, officers, or other employees to prevent the creation of an environment in which plaintiffs were required to perform forced child labor, falsely imprisoned and beaten.

     d.    Hiring, retaining employees, directors and/or officers that should have known that the conduct described herein by the Plaintiffs was occurring at AFG, ADI, JEA and Rite Way Roofing, Inc..

92. The negligence of defendants was the proximate cause of injury and damage to Plaintiffs as described herein, and Plaintiffs suffered as a direct result of the defendants actions and inactions.

## NEGLIGENCE

93. The individual defendants and defendant businesses owed the Plaintiffs a duty to ensure that they would not engage in actions and/or inactions that caused harm to the Plaintiffs while the Plaintiffs were laboring for the individual defendants and business defendants herein.

94. That the individual defendants and business defendants breached the duty owed to the Plaintiffs by allowing Tony Alamo to make the decisions for the business defendants which resulted in the forced labor, false imprisonment, and batteries described by the Plaintiffs herein.

95. That as a direct and proximate result of the negligence by the individual and business defendants herein the Plaintiffs suffered harm.

## PLAINTIFFS' DAMAGES

96. As a direct and proximate result of Defendants' conduct as described above, Plaintiffs have suffered bodily injury, severe mental anguish, including physical manifestations of mental anguish, humiliation, embarrassment, confusion, which has in the past and will in the future interfere with their daily lives, reputation, ability to earn a living, enjoy life and otherwise carry out their day-to-day responsibilities. Plaintiffs claim the following items of specific damages to date:

    a.      Reasonable and necessary medical expenses incurred in the past;

b.      Reasonable and necessary medical expenses reasonable likely to be

incurred in the future;

c.      Past physical pain and suffering;

d.      Mental anguish and impairment in the past;

e.      Mental anguish and impairment in the future;

f.      Lost wages in the past;

g.      Lost wages in the future;

h.      Reasonable attorney fees;

i.      Costs of suit;

j.      Punitive Damages;

k.      Pre-judgment interest at the highest rate allowed by law; and

l.      Post-judgment interest at the highest rate allowed by law.

Plaintiffs seek damages in excess of the amount required for federal court jurisdiction in

diversity of citizenship cases.

## PUNITIVE DAMAGES

97.  In addition to actual damages, Plaintiffs are entitled to an award of punitive

damages from each Defendant in that each Defendant knew or should have known, in

light of the surrounding circumstances, that their conduct would naturally and

probably result in damages and that each Defendant continued such conduct with

malice or in reckless disregard of the consequences from which malice may be inferred.

22

Each Defendant further pursued a course of conduct for the purpose of causing damage to Plaintiffs.  Accordingly, Plaintiffs seek awards of punitive damages from the jury for purposes of punishing each Defendant and setting an example for others not to act in a similar manner in the future.

## JURY DEMAND

98.  Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiffs have and recover judgment over and from Defendants in such amounts as the evidence may show proper at the time of trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.  Plaintiffs specifically pray for exemplary damages against Defendants as allowed by applicable law and as established by the evidence presented at trial.

Respectfully submitted,

By:   /s/Jonathan T. Lane
      Jonathan T. Lane, ABA 98172
      The Lane Firm
      610 East 6th Street
      Little Rock, AR 72202
      501.372.6407 voice
      501.372.6401 facsimile
      lane@thelanefirm.com

23

By: /s/ Charles D. Hancock
    Charles D. Hancock
    Hancock Law Firm
    610 East 6th Street
    Little Rock, AR 72202
    501.372.6400 voice
    501.372.6401 facsimile
    hancock@hancocklawfirm.com
    *ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing pleading to the below named attorneys of records on this 28th day of December 2015:

Scott Clevenger
**EICHENBAUM, LILES, P.A.**
124 W. Capitol, Suite 1900
Little Rock, Arkansas 72201
sclevenger@elhlaw.com
*Attorneys for Sandford White*

Richard Watts
Staci Dumas Carson
**WATTS, DONOVAN & TILLEY**
200 River Market Avenue, Suite 200
Little Rock, Arkansas 72201
richard.watts@wdt-law.com
staci.carson@wdt-law.com
*Attorneys for Sandford White*

Stuart P. Miller
Karen Whatley
**MITCHELL, WILLIAMS, SELIG, GATES
& WOODYARD**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
smiller@mwlaw.com
kwhatley@mwlaw.com
*Attorneys for Advantage Sales, LLC, Ron
Decker, Donn Wolf, Steve Lovellette, and
Jeanne Estates Apartments, Inc.*

J. Dennis Chambers
**ATCHLEY, RUSSELL, WALDROP &
HLAVINKA, L.L.P.**

1710 Moores Lane -- P. O. Box 5517
Texarkana, Texas 75503
dchambers@arwhlaw.com
*Attorneys for Steven Johnson*

J. David Crisp
**CRISP & FREEZE**
1921 Moores Lane
Texarkana, Texas 75503
dcrisp@crispfreeze.com
*Attorneys for Steven Johnson*

Brian D. Wood
**ROY, LAMBERT, LOVELACE, BINGAMAN &
WOOD, L.L.P.**
2706 S. Dividend Drive
Springdale, Arkansas 72766
bwood@rlllaw.com
*Attorneys for Steven Johnson*

Scott Clevenger
**EICHENBAUM, LILES, P.A.**
124 W. Capitol, Suite 1900
Little Rock, Arkansas 72201
sclevenger@elhlaw.com
*Attorneys for Sandford White*

D. Michael Huckabay, Jr.
Kathryn Knisley
**HUCKABAY LAW FIRM**
425 West Capitol, Suite 1575
Little Rock, Arkansas 72201
michael@huckabaylawfirm.com
kathryn@huckabaylawfirm.com
*Attorneys for Angela Morales, Action
Distributors, Inc. and Tommy Scarcello, Rite
Way Roofing, Inc.*

*/s/ Charles D. Hancock*
Charles D. Hancock