IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN, *et al*.                                                        PLAINTIFFS

V.                                          4:14-cv-4065

TONY ALAMO a/k/a
BERNIE L. HOFFMAN, *et al*.                                                      DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Request to Consent and be Bound by the Protective Orders in *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, Inc., et al*. (ECF No. 206). Several Defendants have filed responses in opposition to the motion. (ECF Nos. 214 & 218). Plaintiffs in *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, Inc., et al.,* Case No. 4:10-cv-4124 have filed a response in partial opposition to the motion. (ECF No. 215).[1] Plaintiffs have filed a reply. (ECF No. 223). The Court finds this matter ripe for consideration.

*Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, Inc., et al.,* Case No. 4:10-cv-4124 ("*Kolbek* case") is a case that was previously before this Court. The *Kolbek* case contained similar allegations against many of the same defendants in the present action. Plaintiffs claim that certain Defendants have declared that some materials requested in discovery are covered by the protective order entered in the *Kolbek* case. (*Kolbek*, ECF No. 40). Some examples of the requested materials are business records of certain Defendants, written and video deposition testimony of the *Kolbek* plaintiffs, the *Kolbek* defendants, and other *Kolbek* witnesses.

---

[1] The *Kolbek* Plaintiffs are not parties to this case. The *Kolbek* Plaintiffs' response to the motion is the result of communications they have had with the *Griffin* Plaintiffs' counsel.

As Defendants point out, Plaintiffs are essentially requesting that the protective order in *Kolbek* be modified to add Plaintiffs as parties to the agreement. The protective order states that information under the agreement may only be disclosed in connection with the *Kolbek* action. It further provides that the order is binding even after the close of litigation. Given these clear directives in the protective order, the Court cannot simply make Plaintiffs parties to the order because they agree to abide by its terms. Moreover, to the extent that this Court would consider a modification of the protective order, that process would require Plaintiffs to seek relief in the *Kolbek* case. This would ensure that all parties to the agreement are given notice and the opportunity to respond to the request.[2]

For the reasons stated above, the Court finds that Plaintiffs' motion (ECF No. 206) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 30th day of June, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Court takes no position on whether Plaintiffs would be able to show good cause for a modification of the protective order. The Court also takes no position on whether the requested discovery at issue in this motion is covered by the protective order.