IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN, *et al*                                              PLAINTIFFS

v.                              Civil No. 4:14-cv-4065

TONY ALAMO, *et al*                                                   DEFENDANTS

## ORDER

Before the Court is a Joint Motion for Change of Venue filed by Separate Defendants Advantage Food Group, Advantage Sales, LLC, Ron Decker, Donn Wolf, Steve Lovellette, Jeanne Estates Apartments, Sanford White, Angela Morales, Action Distributors, Inc., Rite Way Roofing, Inc., Tommy Scarcello, and Steve Johnson (hereinafter collectively referred to as "Defendants"). (ECF No. 153). Plaintiffs have responded to the Motion. (ECF No. 157). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiffs' lawsuit is the latest in a series of lawsuits related to Tony Alamo, Tony Alamo Christian Ministries and multiple associated business entities. For the purpose of this order, the Court will provide only an abridged recitation of the procedural background and facts of this case.

This suit was filed by Plaintiffs Vanessa Griffin, Marcus Griffin, Brooklyn Howard, Alsandria Reid, Alphonso Reid, Angela Ondrisek, Nicholas Broderick, Matthew Broderick, Marissa Broderick, Shaina Broderick, Nathan Griffin, and Alexis Broderick. Plaintiffs were all children born into families that were a part of Tony Alamo Christian Ministries. The suit seeks redress for a litany of claims related to their alleged treatment by Defendants, all of whom are business entities and individuals associated with Tony Alamo and Tony Alamo Christian

Ministries. These claims include: violations of the Trafficking Victims Protection Act, 18 U.S.C. § 1595; battery; false imprisonment; outrage/intentional infliction of emotional distress; negligent hiring, training, retention, and supervision; and negligence.

Defendants move this Court to transfer venue from the Texarkana Division of the Western District of Arkansas pursuant to 28 U.S.C. § 1404(a). Specifically, Defendants request that the Court transfer the case to either the Hot Springs Division or the El Dorado Division which are both located in the Western District of Arkansas. In support of their motion, Defendants argue that the Texarkana Division has been saturated with publicity of Tony Alamo, Tony Alamo Christian Ministries and related litigation.

This prior litigation includes a 2009 criminal trial in which Tony Alamo was convicted of sexual abuse crimes against five former members of Tony Alamo Christian Ministries. *United States v. Hoffman*, 626 F.3d 993 (8th Cir. 2010). In August 2010, these former members filed a lawsuit seeking to hold Tony Alamo and others civilly liable for the aforementioned abuses. *Kolbek et al v. Twenty First Century Holiness Tabernacle Church, Inc. et al*, 4:10-cv-04124. In June 2011, Alamo was a defendant in another civil action involving claims of battery, outrage, and conspiracy. The jury issued a verdict in favor of Plaintiffs in that case resulting in an award of damages totaling $66 million. *Ondrisek v. Hoffman*, 4:08-cv-4113. The Court also heard numerous declaratory judgment actions which sought to avoid liability for any judgments that resulted from the adjudication of claims against Tony Alamo and Tony Alamo Christian Ministries.

All of the aforementioned litigation transpired in the Texarkana Division of the Western District of Arkansas. Defendants argue that a change of venue is required because it would not be possible to receive a fair trial, free from undue bias, influence or prejudice due to the media

2

publicity the litigation has garnered throughout the years. Defendants contend that convenience also favors transfer because most of the parties and their attorneys reside or have offices in Little Rock, which is closer in proximity to the Hot Springs Division than the Texarkana Division. Moreover, Defendants assert that many of the identified witnesses reside out of state and that a venue closer to Little Rock would be more convenient given its larger commercial airport. Lastly, Defendants suggest that transfer would help mitigate the costs of litigation and allow for greater access to both parties' records and documentation, most of which are located in counsels' Little Rock offices.

In opposing the motion to transfer venue, Plaintiffs argue that Defendants have not met the burden of showing that a change of venue is warranted. In particular, Plaintiffs emphasize that the previous litigation also garnered extensive media coverage in the areas encompassing the El Dorado and Hot Springs Divisions. As a result, Plaintiffs argue that their choice of forum would not be unduly prejudicial in comparison with other divisions. Plaintiffs also argue that the fact that most Plaintiffs reside in Little Rock is irrelevant because Plaintiffs' choice should take precedence regardless of whether it inconveniences them. Plaintiffs also note that many of the individual Defendants that reside out of state may utilize the Texarkana Regional Airport. Finally, Plaintiffs contend that accessibility of documents and records is of no consequence given modern technological advances such as computers and email.

## DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eighth Circuit requires that the Court "give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section

1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l. Inc.v. Miss. Chem. Corp*., 119 F.3d 688, 695 (8th Cir. 1997). In analyzing a motion to transfer under section 1404(a), the Court employs a three factor balancing test considering "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Id.* at 691. However, the Court is not limited to only these three factors in determining whether a transfer is proper; instead, the Court must "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp*., 487 U.S. 22, 28, 108 S.Ct. 2239, 2244 (1988). The Court must consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and all other relevant factors regarding the transfer. *Terra Int'l*., 119 F.3d at 691. Ultimately, the Court enjoys "much discretion" when deciding whether to grant such a motion. *Id*. at 697.

### a. Convenience Factors

When balancing the conveniences, the Court may consider such things as: 1) the convenience of the parties; 2) the convenience of the witnesses—including the willingness of the witnesses to appear; 3) the accessibility to records and documents; 4) the location where the conduct complained of occurred; and 5) the applicability of each forum state's substantive law. *Terra Int'l*., 119 F.3d at 696. After balancing these factors, the Court finds that the convenience factors do not weigh in favor of a transfer.

Defendants contend that the vast majority of Plaintiffs either reside or have immediate family members who live in the central Arkansas area and that the Hot Springs Division would be a more convenient venue than the Texarkana Division. This argument is unpersuasive. Although the Eighth Circuit has remained silent on the question, other courts have held that a defendant does not have standing to allege that a forum is inconvenient to the plaintiff. *See e.g., Cressman v. United Air Lines, Inc*, 158 F. Supp. 404 (S.D. N.Y. 1958); *Holiday Rambler Corp.*

*v. American Motors Corp.*, 254 F. Supp. 137 (W.D. Mich. 1966). The Court is also unconvinced that the Hot Springs Division would be more convenient for non-party witnesses. Defendants only assume that many of the witnesses would benefit from the Hot Springs Division's proximity to the Clinton Airport and provide no evidence to support the conclusion that any of the witnesses would be unwilling to appear in the Texarkana Division. Furthermore, the burden imposed due to the parties' records being located in Little Rock is minimal because the parties can easily access and exchange documents electronically. Finally, the Court finds that the Texarkana Division is more appropriate because most of the conduct giving rise to Plaintiffs' complaint occurred in the area encompassing the Texarkana Division.

### b. Interests of Justice Factors

The Court also finds that the interests of justice do not weigh in favor of a transfer. In determining what is in the interests of justice under § 1404, the Court may consider: 1) judicial economy; 2) the plaintiff's choice of forum; 3) the comparative costs to the parties of litigating in each forum; 4) each party's ability to enforce a judgment; 5) obstacles to a fair trial; 6) conflicts of law; and 7) the advantage of having a local court determine questions of local law. *Terra Int'l.*, 119 F.3d at 696. Defendants contend that the interests of justice favor transfer to another district. Specifically, Defendants believe that the chosen forum presents obstacles to a fair trial due to an overwhelming amount of adverse publicity and a biased community of potential jurors. In addition, Defendants argue that the cost of litigating in the proposed venues are substantially less than the current venue, and that judicial economy favors transfer because it will require a less intensive *voir dire* process than one within the Texarkana Division.

The Court notes that a transfer of venue in a civil case based solely upon presumed prejudice from pre-trial publicity is not common, or even precedented, within the Eighth Circuit.

Nonetheless, the Court will analyze Defendants' arguments by applying principles set out in criminal cases involving pre-trial publicity, as this is the only framework available.

Defendants ask the Court to change the venue of this case on the basis of "presumed prejudice." Under a presumed prejudice analysis, Defendants must show that pre-trial publicity is "so extensive that a . . . court is required to presume unfairness of constitutional magnitude." *U.S. v. Rodriguez*, 581 F.3d 775, 785 (8th Cir. 2009). Importantly, "[a] presumption of prejudice . . . attends only the extreme case." *Skilling v. U.S.*, 130 S.Ct. 2896, 2915-16 (2010). Verdicts have only been overturned where there existed a "trial atmosphere that was utterly corrupted by press coverage." *Id.* at 2914 (quoting *Murphy v. Florida*, 421 U.S. 794, 798–799, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975)). Extensive coverage by the media "does not necessarily produce prejudice, and juror impartiality . . . does not require ignorance." *Id.* Even "pervasive, adverse publicity . . . does not inevitably lead to an unfair trial." *Id.* at 2916 (quoting *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554, 96 S.Ct. 2791 (1976)). To create a presumption of prejudice, "the coverage must be inflammatory or accusatory," not simply informative. *U.S. v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002).

Defendants point out that the aforementioned litigation involving Tony Alamo, Tony Alamo Christian Ministries, and members of Alamo's church has been the subject of extensive media coverage throughout the seven-county community of the Texarkana Division from which the jury will be chosen. In support of this proposition, Defendants provide six news stories from the Texarkana Gazette concerning Alamo and his associated legal issues. However, the Court is not persuaded that the evidence submitted shows an extreme amount of media coverage that requires this Court to presume that the trial process has been utterly corrupted and infiltrated by prejudice.

In *Sheppard v. Maxwell*, 384 U.S. 333, 355, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), presumed prejudice was found where there was "months [of] virulent publicity" about a defendant and the murder he was accused of committing, and "bedlam reigned at the courthouse during the trial."  In *United States v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002), presumed prejudice was *not* found even where there were two-hundred news articles about the crime spanning a period of two months-to-one year before trial.  As illustrated by these examples, the media coverage surrounding this case simply does not rise to the level needed for a finding of presumed prejudice.  While members of the community may be aware of Tony Alamo's legal history through the large amount of coverage, awareness alone does not necessitate a transfer of venue.  Furthermore, Defendants have not alleged that the media coverage has been particularly inflammatory or accusatory.  In addition, Tony Alamo's criminal trial on sexual abuse charges concluded over six years ago. A significant amount of time has also passed since the dismissal of the civil action filed by Alamo's sexual abuse victims. The time that has lapsed since these proceedings significantly undercuts Defendants' arguments for transfer.

The Court is also unpersuaded by Defendants' arguments that the comparative costs of litigation and judicial economy favor transfer. Although the Court recognizes that the cost of traveling to the Texarkana Division may be higher than other divisions and that *voir dire* might require more time, these factors do not outweigh the interest that the Texarkana Division has in resolving this dispute.

## CONCLUSION

The Court has considered all arguments presented regarding the transfer of this case and finds that Defendants have not met their burden of proving that a transfer is warranted.

Accordingly, the Court finds that Defendants' Joint Motion for Change of Venue under 28 U.S.C. §1404(a) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 30th day of August, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge