IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN, ET AL                                                    PLAINTIFFS

v.                                    Civil No. 4:14-cv-04065

TONY ALAMO a/k/a BERNIE L. HOFFMAN, ET AL.                                DEFENDANTS

## ORDER

**BEFORE** the Court is Plaintiffs' Motion to Compel. ECF No. 237. With this Motion, Plaintiffs seek additional documents from Advantage Food Group and Action Distributors, Inc. ("Defendants") pursuant to a Request for Production sent to each party. The Defendants have responded to this Motion. ECF No. 260, 262. A hearing was held on this Motion on September 15, 2016. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Susan O. Hickey referred this Motion to the undersigned for decision. The Court having reviewed the pleadings and arguments of counsel finds Plaintiffs' Motion to Compel (ECF No. 237), should be **DENIED.**

In this matter, each Defendant was sent the following Request for Production #7:

In case no.: 10-CV-4124 (*Kolbek v. TFCHTC*), in the Western District of Arkansas, *(Advantage Food and Action Distributors)* was a named defendant therein; please produce a copy of or allow for inspection of each and every deposition transcript and discovery answer from that case in the possession of Advantage, its agents, or attorneys (production in electronic format is acceptable)

Both Defendants substantially gave same response:

RESPONSE: Objection; Plaintiffs' request seeks information which is subject to HIPAA regulations and is not discoverable without properly executed authorizations and which contains information which is confidential, privileged and outside the scope of this lawsuit. Such request is burdensome, costly and not reasonably calculated to lead to the discovery of admissible evidence. To the extent (*Advantage Food and Action Distributors*) has information that would not be

considered subject to the Court's protective order, it will work with Plaintiffs' counsel to determine what, if any, documents may be responsive to this request.

In addition to the language set out in the Request for Production, Plaintiffs also seek bank records of the "bookkeeper account" from Commercial National Bank, "Alamo emails," and a list of individuals deposed and transcripts from the *Kolbek v. TFCHTC* matter.

As an initial concern, this Court finds the request at hand over broad in its attempt to have these Defendants essentially provide all the discovery responses, documents and depositions from the *Kolbek* matter, without regard to their relevance to this case. To be discoverable, a matter must be "relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). The claims in this case differ substantially from those asserted in the *Kolbek* case. The request at issue is not limited in any way to matters relevant to the claims or defenses in this case.

Additionally, most of the records sought by Plaintiffs are subject to the Protective Order entered in the *Kolbek* matter that prohibits disclosure ("*Kolbek* Protective Order"). ECF No. 260-4. The *Kolbek* Protective Order governs "documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation." *Id.* It mandates that information under the agreement may only be disclosed in connection with that action and further provides its effect was to continue even after the close of litigation. *Id.* Specifically, it states: "After termination of litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record." *Id.*[1]

Further, Counsel for Defendants have indicated providing copies of depositions from the

---

[1] It should be noted counsel for both Defendants indicated at the hearing that thousands of pages of documents, not subject to the Protective Order, have been provided to Plaintiffs.

*Kolbek* matter would be highly burdensome. Much of the testimony in those depositions related to highly sensitive information protected from disclosure based on the *Kolbek* Protective Order. The depositions were lengthy and it would require a great deal of time and effort to review and redact those depositions so as to prevent the inadvertent disclosure of confidential information. Furthermore, the Initial Disclosures of Defendants would include a list of individuals who have discoverable information and Plaintiffs have had an opportunity to depose these individuals without needing a list of names of witnesses deposed in *Kolbek*

Finally, the attempts to obtain a specific category of documents of bank records has been directed to the wrong party. Defendants are not a custodian of such documents and Plaintiffs acknowledge they have made no attempt to obtain these records from the proper party.

Accordingly, Plaintiffs' Motion to Compel (ECF No. 237) is **DENIED.**

**IT IS SO ORDERED** this **16th day of September 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE