IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN, ET AL.                                                    PLAINTIFFS

V.                                         Case No. 4:14-cv-4065

TONY ALAMO a/k/a BERNIE L. HOFFMAN, ET AL.                 DEFENDANTS

**ORDER**

Before the Court is Separate Defendant Sally Demoulin's Motion to Set Aside Default and Dismiss Claims. (ECF No. 246). Plaintiffs have filed a response. (ECF No. 268). The Court finds this matter ripe for consideration.

Defendant Sally Demoulin was named as a defendant in Plaintiffs' Second Amended Complaint. (ECF No. 85). Summons was issued for Sally Demoulin on June 5, 2015. (ECF No. 86). On August 26, 2016, Plaintiffs filed an Affidavit in Support of Warning Order. (ECF No. 111). In the affidavit and supporting documents, Plaintiffs' attorney established that diligent efforts had been made to serve Demoulin and that her whereabouts remained unknown. On September 1, 2015, the Clerk of Court issued a Warning Order in compliance with Arkansas Rule of Civil Procedure 4(f). (ECF No. 113). The Warning Order was published for two consecutive weeks—September 18 and September 25, 2015—in the Arkansas Democrat-Gazette. (ECF No. 122). On November 4, 2015, after no response from Sally Demoulin, the Clerk filed a Notice of Default Procedure. (ECF No. 124). On November 19, 2015, Plaintiffs filed an affidavit in support of default (ECF No. 127), and on December 28, 2016, a Clerk's entry of default was entered as to Sally Demoulin. (ECF No. 133).

Sally Demoulin now moves for the entry of default to be set aside. Demoulin argues that Plaintiffs' service by warning order was not effective because it did not comply with Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(f) of the Arkansas Rules of Civil Procedure. Federal Rule of Civil Procedure 4(e)(1) provides that service may be effected pursuant to the law of the state in which the district court is located or the state where service is made. In this case, the Arkansas Rules of Civil Procedure are applicable. Arkansas Rule of Civil Procedure 4(f)(1) provides that service may be made by publication of a warning order if it appears by affidavit that, after a diligent inquiry, the whereabouts of a defendant remain unknown. The warning order must be "published weekly for two consecutive weeks in a newspaper having general circulation in the county where the action is filed." Ark. R. Civ. Pr. 4(f)(2).

This action is pending in the Court's Texarkana Division, located in Miller County, Arkansas. The Warning Order at issue was published in the Arkansas Democrat-Gazette, a newspaper whose printing operations are based in Pulaski County, Arkansas. Demoulin seems to conclude that the Warning Order was defective because it was published in the Arkansas Democrat-Gazette rather than a newspaper with printing operations in Miller County.

The Court disagrees with Demoulin's reading of Rule 4(f). The rule states that a newspaper must have "general circulation" in the county where the action was filed. Accordingly, if the Arkansas Democrat-Gazette has general circulation in Miller County, the requirements of Rule 4(f) have been satisfied. Since Demoulin does not argue that the Arkansas Democrat-Gazette is not generally circulated in Miller County, the Court finds no basis for setting aside default.[1]

---

[1] The Court notes that Demoulin has not set forth any argument disputing the content of the Warning Order or Plaintiffs' diligent efforts to serve Demoulin prior to the issuance of the Warning Order.

For the reasons stated above, the Court finds that Demoulin's Motion to Set Aside Default and Dismiss Claims (ECF No. 246) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 20th day of September, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
