IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VANESSA GRIFFIN, et al.                                                                    PLAINTIFFS

v.                                        Civil No. 4:14-cv-4065

TONY ALAMO, et al.                                                                         DEFENDANTS

## ORDER

Before the Court is a Motion for Partial Summary Judgment as to Federal Claims filed by Separate Defendants Advantage Food Group; Advantage Sales, LLC; Ron Decker; Donn Wolf; Steve Lovellette; and Jeanne Estates Apartments, Inc. (hereinafter collectively referred to as "Defendants"). (ECF No. 192). Plaintiffs have filed a response. (ECF No. 203). Defendants have replied. (ECF No. 211). The Court finds this matter ripe for consideration.

### I. BACKGROUND

This case arises from a Complaint filed by Plaintiffs, who were all children born into families that were members of Tony Alamo Christian Ministries ("TACM"). TACM is an organization of churches and businesses that were operated by individual members of TACM and Separate Defendant Tony Alamo. Defendants are all individuals and business entities alleged to be affiliated with Tony Alamo and TACM.

Plaintiffs allege that, while they were members of TACM, they were subjected to constant beatings, threats of physical harm, and "brainwashed" to follow the tenets of TACM by Tony Alamo and members of his organization. Plaintiffs further allege that Tony Alamo and others forced each of them to perform labor for Defendants without compensation through "force, threats of force, physical restraint, and/or threats of physical restraint." (ECF No. 135, p. 9). Plaintiffs allege that Defendants knowingly obtained financial benefits from Plaintiffs' forced

labor and should have known that such actions were in violation of the law. Plaintiffs allege that they were subjected to the aforementioned conditions by Defendants until Plaintiffs were removed from the TACM compound.[1]

Pursuant to these allegations, Plaintiffs assert federal claims against Defendants under the Trafficking Victims Protection Reauthorization Act ("TVPRA") for violations of the TVPRA's forced labor provision, 18 U.S.C. § 1589, and its documentary servitude provision, 18 U.S.C. § 1592. Plaintiffs seek damages for Defendants' alleged violations under the TVPRA's civil remedy provision, 18 U.S.C. § 1595. In addition, Plaintiffs allege and seek damages for a variety of state law claims including battery, false imprisonment, outrage/intentional infliction of emotional distress, negligent hiring, training, retention and supervision, and negligence.

Defendants filed the instant motion for partial summary judgment, which seeks to dismiss all of Plaintiffs' federal claims. In the motion, Defendants contend that Plaintiffs are barred from seeking civil relief against Defendants for the forced labor alleged in the Third Amended Complaint. In short, Defendants argue that the TVPRA's civil remedy provision was amended in December 2008 to allow victims to bring a private right of action against individuals who knowingly benefit, either financially or otherwise, from forced labor in violation of 18 U.S.C. § 1589. Defendants note that, prior to the December 2008 amendment, § 1595 only allowed victims of forced labor to bring a cause of action against the perpetrator of a proscribed violation. Defendants argue that the December 2008 amendment to § 1595 does not apply retroactively and that Plaintiffs' claim must be dismissed because it is based solely upon the allegation that Defendants "knowingly benefited financially" from Plaintiffs' forced labor. Similarly, Defendants argue that they are entitled to summary judgment as to Plaintiffs' claim for

---

[1] Plaintiffs were removed from the TACM compound on varying dates. However, it is undisputed that Plaintiffs Marcus Griffin, Alphonso Reid, Matthew Broderick, and Nathan Griffin were the last to be removed from TACM, and that each was removed from the compound on or about November 18, 2008.

documentary servitude because the version of 18 U.S.C. § 1595 enacted prior to the December 2008 amendment did not permit a civil remedy for documentary servitude.

## II. STANDARD OF REVIEW

When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## III. DISCUSSION

Congress enacted the Trafficking Victims Protection Act ("TVPA") in 2000 in order to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." *See* Pub. L. No. 106–386, 114 Stat. 1464 (2000). Although the original Act did not contain a private right of action, Congress later established a civil remedy for victims of various forms of trafficking violations when it amended the Trafficking Victims Protection Act with the enactment of the Trafficking Victims Protection Reauthorization Act on December 19, 2003. *See* Pub. L. No. 108-193, 117 Stat. 2875 (2003). The 2003 Act provided, in relevant part, that "[a]n individual who is a victim of a violation of section 1589, 1590, or 1591 of this chapter may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees." *Id*. On December 23, 2008, Congress expanded the TVPRA's civil remedy provision, 18 U.S.C. § 1595, to allow trafficking victims to recover damages and reasonable attorneys' fees from perpetrators and established a "financial beneficiary prong" which allows victims to recover similar relief from those who knowingly benefit, financially or otherwise, from a violation of the TVPRA. The retroactive application of the December 23, 2008, amendment to the TVPRA is primarily at issue in this matter.

### A. 18 U.S.C. § 1595(a)'s Financial Beneficiary Prong

In light of the TVPRA's legislative history, Defendants assert that they are entitled to summary judgment as to Plaintiffs' claim for civil relief brought pursuant to 18 U.S.C. § 1595. First, Defendants argue that Plaintiffs assert their claim for civil remedy solely on the basis that Defendants "knowingly financially benefited" from Plaintiffs' forced labor. Defendants further

4

assert that all of the individual Plaintiffs either left or were removed from TACM by November 8, 2008, and that Plaintiffs' causes of action as to Defendants accrued no later than that date.

Defendants contend that the December 23, 2008, amendment to the TVPRA does not apply retroactively to conduct that occurred prior to its effective date. Thus, Defendants argue that Plaintiffs are bound by the language of the civil remedy provision as it was enacted on December 19, 2003. Accordingly, Defendants take the position that Plaintiffs may only seek a civil recovery against the alleged "perpetrator," whom the Defendants identify as Separate Defendant Tony Alamo, and are barred from recovering damages from Defendants on the basis that they knowingly benefited, financially or otherwise, from Plaintiffs' forced labor. Plaintiffs counter that the "financial beneficiary prong" applies retroactively.

Because the events in question occurred prior to the enactment of the 2008 amendment to the TVPRA that included the financial beneficiary prong of § 1595(a), the Court must determine whether the amendment applies retroactively. In *Landgraf*, the Supreme Court established that there is a "presumption against retroactive legislation [that] is deeply rooted in our jurisprudence." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). As a result of this presumption against retroactive legislation, "the Supreme Court has provided a framework for determining when a federal statute applies to conduct predating the statute's enactment." *Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc.*, 339 F.3d 1001, 1007 (8th Cir. 2003) (internal citations omitted). First, the Court must determine if Congress has expressly prescribed the statute's temporal reach. *Id*. If so, the Court's inquiry ends. *Molina Jerez v. Holder*, 625 F.3d 1058, 1069 (8th Cir. 2010) (citing *Landgraf*, 511 U.S. at 280). If not, the Court must then determine whether the statute would have a retroactive effect. In other words, the Court must examine:

> whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would do any of these things, the presumption is that the statute does not govern, absent clear congressional intent otherwise.

*Molina Jerez*, 625 F.3d at 1058 (internal quotations omitted) (quoting *In re ADC Telecomm., Inc. Sec. Litig.*, 409 F.3d 974 (8th Cir. 2005)).

Plaintiffs contend that Congress has expressly demonstrated its intent to apply § 1595 retroactively because it enacted a ten-year limitations period for civil actions as part of the 2008 amendment. The Court finds Plaintiffs' argument unpersuasive. It has previously been held that Congress's inclusion of a ten-year statute of limitations period in the TVPRA's 2008 amendment does not evince congressional intent to apply the amendment retroactively. *See Abarca v. Little*, 54 F.Supp.3d 1064, 1069 (D. Minn. 2014).

As such, the Court finds that the plain language of the December 23, 2008, amendment to § 1595 does not expressly prescribe its temporal reach. Moreover, there is nothing in the statute's legislative history that prescribes its reach. Accordingly, the Court finds that there is no clear evidence to demonstrate congressional intent to apply § 1595 retroactively.

Because Congress has not prescribed the statute's temporal reach, the Court must next consider whether application of the statute would have a retroactive effect. Defendants contend that retroactive application of the "financial beneficiary prong" would be impermissible because it would significantly expand civil liability to conduct that occurred before the 2008 amendment without clear congressional intent to do so. In support of this contention, Defendants cite to the *Landgraf* Court's determination that "statutes authorizing punitive and compensatory damages create new liabilities, and may not be imposed retroactively absent clear congressional intent." *Landgraf*, 511 U.S. at 281-83. Plaintiffs argue that application of the statute would not have a retroactive effect and cite a host of other laws that Defendants' alleged conduct would

presumably violate, including the Fair Labor Standards Act and the Thirteenth Amendment to the United States Constitution.

The Court finds Defendants' argument persuasive, as it comports with the holdings of other decisions that have addressed the retroactivity of the TVPRA's civil remedy provision. In *St. Louis v. Perlitz*, the court noted that the financial beneficiary prong would not apply retroactively in the absence of clear congressional intent because "it has the effect of increasing defendants' liability for past conduct." No. 3-13-cv-1132 (RNC), 2016 WL 1408076, at *3 (D. Conn. Apr. 8, 2016). While no other court has expressly determined whether the current iteration of § 1595(a) applies retroactively, this determination is consistent with other courts' findings that the 2003 amendments to § 1595 do not apply retroactively to conduct occurring before its effective date. *See Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012); *Ditullio v. Boehm*, 662 F.3d 1091, 1093 (9th Cir. 2011).

In conclusion, the Court finds that the financial beneficiary prong of § 1595(a), as amended, should not be applied retroactively. Accordingly, the Defendants' motion should be granted with respect to Plaintiffs' claim for relief under § 1595(a)'s financial beneficiary prong.

### B. 18 U.S.C. § 1595(a)'s Perpetrator Prong

Plaintiffs contend that, even if the Court finds that the financial beneficiary prong does not apply retroactively, they still have a cognizable claim for relief based on the perpetrator prong of § 1595. Plaintiffs contend that the 2008 amendments to § 1595 have no bearing on the liability of perpetrators, as victims of various forms of trafficking could assert claims for civil relief against perpetrators pursuant to the 2003 version of the statute. Accordingly, Plaintiffs contend that they have sufficiently alleged that Defendants are also liable as perpetrators of forced labor.

Conversely, Defendants assert that a plain reading of the Third Amended Complaint demonstrates that Defendants are not alleged to have perpetrated the offense of forced labor. Instead, Defendants contend that they are only alleged to have financially benefited from forced labor. As such, Defendants contend that Plaintiffs' forced labor claim should be dismissed as a matter of law.

In order to successfully plead a violation of § 1589's prohibition of forced labor, "plaintiff must allege that the . . . defendants knowingly obtained the labor of another by means of force, serious harm, abuse of legal process, threats of such or by creating the belief that refusal to work will result in serious harm to them or another." *Martinez v. Calimlim*, 651 F.Supp.2d 852, 859 (E.D. Wis. 2009). After a review of the Third Amended Complaint, the Court finds that Plaintiffs have alleged sufficient facts to satisfy these requirements.

For instance, it is alleged in paragraph 58 of the Third Amended Complaint that Plaintiff Alsandria Reid was forced to work without pay for Defendants Advantage Food Group, Action Distributors, Inc., and Jeanne Estates Apartments. In paragraph 56 of the Third Amended Complaint, it is alleged that Plaintiff Brooklyn Howard was forced to work at Jeanne Estates Apartments "without compensation and by means of force, threats of force, physical restraint, and/or threats of physical restraint." Moreover, paragraph 77 provides that Plaintiffs were forced to perform labor for Defendants without compensation and this forced labor was "obtained either by force, the threat of force and/or harm, physical restraint and/or the threat of physical restraint." Based upon these assertions, it can be inferred that Plaintiffs are alleging that Defendants at least had knowledge of Plaintiffs' forced labor and that harm would result if Plaintiffs refused to provide labor to Defendants. Accordingly, the Court finds that Defendants

are not entitled to summary judgment as a matter of law as to Plaintiffs' claims for relief pursuant to § 1595's perpetrator prong.

### C. Documentary Servitude

Next, Defendants contend that they are entitled to summary judgment as to Plaintiffs' claim for documentary servitude. With the enactment of the TVPA in 2000, Congress proscribed "unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor," which is otherwise known as "documentary servitude." 18 U.S.C. § 1592. Specifically, § 1592 makes it unlawful to destroy, conceal, remove, confiscate, or possess the actual or purported government identification of another in violation of various TVPRA sections, including § 1589 (forced labor). As previously stated, the TVPA originally did not provide a private right of action for victims of trafficking violations. On December 19, 2003, Congress created a private right of action with the enactment of 18 U.S.C. § 1595. As originally enacted, § 1595 allowed victims to bring suit to recover damages and reasonable attorneys' fees for violations of 18 U.S.C. §§ 1589, 1590, or 1591. Thus, a civil remedy for victims of documentary servitude was unavailable under the original statute and such relief was not available until the civil remedy provision was extended on December 23, 2008, so that victims could recover from any perpetrator or financial beneficiary of an offense in the chapter.

Similar to their argument against the retroactivity of § 1595's financial beneficiary prong, Defendants contend that the additional proscribed violations of § 1595 do not apply retroactively. Instead, Defendants argue that Plaintiffs are bound by the 2003 amendment of § 1595 because the alleged violations occurred prior to the enactment of the 2008 amendment. As such, Defendants argue that Plaintiffs have no civil remedy for documentary servitude as the original version of § 1595 only permits victims to bring suits for violations of 18 U.S.C. §§ 1589, 1590,

9

or 1591. Although Plaintiffs contend in their responsive brief that they may assert a civil remedy claim for a violation of § 1592 based on the conduct alleged in the Third Amended Complaint, Plaintiffs offer no arguments or case law in support of this argument.

The Court agrees with Defendants' contention that a civil remedy for documentary servitude does not apply to the conduct at issue in this matter. Courts that have previously considered the issue have established that "the TVPA in place prior to December 23, 2008 cannot be read to allow a private right of action for document[ary] servitude." *Tanedo v. East Baton Rouge Parish Sch. Bd.*, No. SA CV10-01172, 2012 WL 5378742, at *8 (C.D. Cal. Aug. 27, 2012). As the court in *Tanedo* explained,

> Before December 23, 2008, Congress provided a civil remedy for only three sections of the TVPA: § 1589 (forced labor), § 1590 (trafficking), and § 1591 (sex trafficking of children). Congress did not extend a civil remedy to § 1592 (document servitude) until December 23, 2008. Given that Congress expressly granted a civil remedy with respect to just three TVPA sections, it would be inconsistent with the statute to conclude that it also provided a civil remedy for other violations. To interpret the statute as containing an implied civil remedy through § 1590 would undermine the specific statutory language Congress adopted.

*Id*. The Court agrees with the *Tanedo* court's conclusion that there was "no civil remedy for documentary servitude . . . before December 23, 2008" and that Plaintiffs cannot assert such a claim based on any alleged documentary servitude occurring before that date. *Id*. Accordingly, the Court finds that Defendants' motion for summary judgment as to Plaintiffs' documentary servitude claim against Defendants should be granted as a matter of law.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Partial Summary Judgment as to Federal Claims (ECF No. 192) should be and hereby is **GRANTED IN PART and DENIED IN PART**. Defendants' summary judgment motion as to Plaintiffs' claim

for relief pursuant to 18 U.S.C. § 1595(a)'s financial beneficiary prong is **GRANTED**. Defendants' summary judgment motion as to Plaintiffs' § 1595 claim for relief for a violation of the TVPRA's documentary servitude provision, 18 U.S.C. § 1592, is **GRANTED**. Defendants' summary judgment motion as to Plaintiffs' claim for relief pursuant to 18 U.S.C. § 1595(a)'s perpetrator prong is **DENIED**. Accordingly, the Court finds that Plaintiffs' claim for relief pursuant to § 1595(a)'s perpetrator prong remains.

      **IT IS SO ORDERED**, this 21st day of December, 2016.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge